UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRY N. LEE,

    Plaintiff,

v.                                             Case No. 8:24-cv-416-MSS-CPT

HEATHER L. LEE,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Before me on referral is pro se Plaintiff Sherry N. Lee's *Application to Proceed in District Court Without Prepaying Fees or Costs*, which I construe as a motion to proceed in forma pauperis (IFP Motion). (Doc. 3). Also before me is Lee's complaint against Defendant Heather L. Lee[1] and her later filed "Civil Cover Sheet." (Docs. 1, 4). For the reasons discussed below, I respectfully recommend that the Plaintiff's IFP Motion be denied without prejudice and that her complaint be dismissed with leave to amend.

I.

Although not entirely clear, this action appears to stem from the Social Security Administration's (SSA) purportedly wrongful payment of $11,000 to the Defendant in 2017 and 2018 rather than to the Plaintiff. (Doc. 1). It seems from the Plaintiff's

---

[1] Because the parties share the same last name, they will be referred to herein simply as the Plaintiff and the Defendant to avoid any confusion.

complaint that she had a hearing on the matter but that the SSA did not subsequently pay her the money she believes she is owed. *Id*. For relief, the Plaintiff seeks, *inter alia*, an "investigation," a "[n]ew [h]earing for [o]verpayment," and $13,000 in damages. (Docs. 1, 4).

In support of her claim of indigency, the Plaintiff represents in her IFP Motion that she receives $944 in monthly disability payments and incurs approximately $1,956 in monthly expenses to care for herself and her minor daughter. (Doc. 3). The Plaintiff also attests that she owns a home worth approximately $3,845[2] and that she received a gift in the amount of $790 sometime in the past year. *Id*.

## II.

Pursuant to 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). A district court has "wide discretion" to grant or deny an application to proceed in forma pauperis. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (per curiam) (citation omitted). While such an application need not evidence "that the litigant is absolutely destitute," it must indicate "that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Id.* at 1307 (internal quotation marks and citation omitted). In

---

[2] The Plaintiff refers in her IFP Motion to an "attached paper," but none is included with her submission. (Doc. 3).

2

assessing whether a litigant is indigent, district "courts will generally look to whether [she] is employed, [her] annual salary, and any other property or assets [she] may possess." *Lesure v. Saul*, 2021 WL 2003458, at *1 (M.D. Fla. Mar. 31, 2021) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2021 WL 2003073 (M.D. Fla. May 19, 2021).

When an application to proceed in forma pauperis is filed, a district court must also review and dismiss the case sua sponte if it finds that the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, the Federal Rules of Civil Procedure provide that a district court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (stating that all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party") (citation omitted). When evaluating a complaint under this standard, a district court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Jara v. Nunez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted). A district court, however, may not "afford [any] presumption of truth to legal conclusions and recitations of the basic elements of a cause of action." *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (citations omitted).

Finally, while pro se pleadings are to be construed liberally, district courts are not to "act as de facto counsel" for pro se litigants, nor are they to "rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

### III.

Irrespective of whether the Plaintiff qualifies as indigent for purposes of section 1915, her complaint is subject to dismissal, at a minimum, for want of subject matter jurisdiction and for failing to comply with the basic pleading requirements set forth in Federal Rules of Civil Procedure 8 and 10. Each of these deficiencies will be addressed in turn.

### A.

It is well established that the "federal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (internal quotation marks and citation omitted); *see also Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 174–78 (1803) (discussing the jurisdictional limitations of federal courts under Article III of the United States Constitution). In practice, a federal court's subject matter jurisdiction is most often found "arising under" the laws of the United States pursuant to 28 U.S.C. § 1331 (i.e., federal question jurisdiction) or predicated upon the "diversity" of the parties under 28 U.S.C. § 1332 (i.e., diversity jurisdiction). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Walker v. Sun Trust Bank of Thomasville,*

4

*Ga.*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam)[3] (citing 28 U.S.C. §§ 1331, 1332). Regardless of whether a plaintiff is relying on federal question or diversity jurisdiction, she must include in her complaint a short and plain statement setting forth enough facts that, if true, demonstrate a court has subject matter jurisdiction over her lawsuit. *See* Fed. R. Civ. P. 8(a)(1); *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268–69 (11th Cir. 2013) (citation omitted).

In this case, it appears from the Plaintiff's most recent submission—her Civil Cover Sheet—that she wishes to invoke the Court's federal question jurisdiction based on 42 U.S.C. § 408. (Doc. 4). As a number of courts have observed, however, section 408 proscribes "criminal penalties for certain acts . . . [and] does not [authorize] . . . a private civil cause of action." *Alexander v. Wash. Gas Light Co.*, 481 F. Supp. 2d 16, 33 (D.D.C. 2006), *aff'd* 2006 WL 3798858 (D.C. Cir. Aug. 24, 2006); *see also Boyer v. Bruno*, 2023 WL 4602684, at *3 (E.D. Pa. July 17, 2023) ("Multiple federal courts have explicitly concluded that . . . [section] 408 [does not] provide a private right of action.") (citations omitted); *Johnson Bene v. Wells Fargo*, 2023 WL 4332388, at *5 (N.D. Cal. July 3, 2023) ("Section 408 is a criminal statute . . . and does not provide a private right of action.") (citations omitted); *Thomas v. Dep't of Child Support Servs.*, 2019 WL 1371150, at *5 (C.D. Cal. Jan. 18, 2019) ("Courts . . . have found [s]ection 408 only establishes criminal penalties and does not provide a basis for a private civil cause of action.") (citations omitted), *report and recommendation adopted*, 2019 WL 1364969

---

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

5

(C.D. Cal. Mar. 25, 2019), *aff'd sub nom. Thomas v. Div. of Child Support Servs.*, 2019 WL 5390030 (9th Cir. 2019); *Cogdell v. Cogdell*, 2018 WL 705002, at *3 (D. Conn. Feb. 5, 2018) (same) (citations omitted); *Edge v. Pro. Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 118–19 (E.D.N.Y. 1999) (describing section 408 as "a criminal statute which provides for no civil remedies").

The Plaintiff's complaint also does not establish that the Court has diversity jurisdiction over the action either. A litigant seeking to ground her case on such jurisdiction must show that there is complete diversity of citizenship among the parties (i.e., that no plaintiff is a citizen of the same state as any defendant), and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332; *see also Underwriters at Lloyd's London v. Osting-Schwinn*, 613 F. 3d 1079, 1085 (11th Cir. 2010); *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). To satisfy the monetary threshold, a plaintiff must claim "a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

Here, the Plaintiff avers that both she and the Defendant are citizens of Florida and that she only requests $13,000 in damages. (Doc. 4). These assertions are plainly insufficient for purposes of demonstrating diversity jurisdiction. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (recognizing that dismissal is proper "where the pleadings make it clear to a legal certainty that the claim is really for less than the jurisdictional amount") (internal quotation marks and citation omitted).

B.

In addition to being jurisdictionally infirm, the Plaintiff's complaint does not comply with the strictures of Rules 8 and 10.  Rule 8 directs, in relevant part, that a complaint contain "a short and plain statement of [a] claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 10 relatedly instructs that a plaintiff "state [her] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and, if doing so would promote clarity, that she also state "each claim founded on a separate transaction or occurrence . . . in a separate count."  Fed. R. Civ. P. 10(b).  As the Eleventh Circuit has explained, Rules 8 and 10 "work together to require the pleader to present [her] claims discretely and succinctly so that [her] adversary can discern what [she] is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted."  *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

The Plaintiff's complaint does not meet these pleading standards here.  To begin, her factual averments are too vague and conclusory to satisfy Rule 8.  *See Iqbal*, 556 U.S. at 677–78 (noting that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citation omitted); *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010) (per curiam) ("Where the allegations of a complaint are 'vague and ambiguous—leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader.") (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)).  Furthermore, in contravention

of Rule 10, the Plaintiff does not set forth her claims in numbered paragraphs, each of which is "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Taken singularly or in combination, these pleading defects deprive the Defendant and the Court of "fair notice" regarding the nature of the claim(s) brought against the Defendant and the bases upon which they are predicated. *Twombly*, 550 U.S. at 555 n.3; *see also Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (stating that the "unifying characteristic" of complaints that do not adhere to the dictates of Rules 8 and/or 10 is that they do not give "defendants adequate notice of the claims against them and the grounds upon which each claim rests"); *Curry*, 738 F.3d at 1250 ("It is important that defendants be apprised of the conduct that forms the basis of the charges against them."). The fact that the Plaintiff is proceeding pro se does not relieve her of the obligation of complying with the basic pleading requirements set forth in Rules 8 and 10. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

C.

Notwithstanding the above issues, I respectfully submit that the Court dismiss the Plaintiff's complaint without prejudice and with leave to amend, so that she has an opportunity to correct these problems. *See Emrit v. Sec'y, U.S. Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (per curiam) ("A plaintiff ordinarily should get one

opportunity to amend [her] complaint before dismissal with prejudice.") (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)).  If the Plaintiff wishes to file a revised complaint, however, I encourage her to seek legal assistance and to consult the resources available to pro se litigants in advance of doing so.  The Plaintiff may obtain advice, for example, through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented parties the chance to solicit and obtain free, limited guidance from attorneys on the procedures governing federal cases.

In addition, the Plaintiff may review the materials the Middle District of Florida makes available to pro se litigants, which includes a "Guide for Proceeding Without a Lawyer."  The Court's website also contains helpful links to the Federal Rules of Civil Procedure, as well as to various forms for federal court litigants to use.

IV.

For the reasons set forth above, I respectfully recommend that the Court:

1. Deny the Plaintiff's IFP Motion (Doc. 3) without prejudice;

2. Dismiss the Plaintiff's complaint (Doc. 1) without prejudice;

3. Grant the Plaintiff leave to file, within thirty (30) days of the Court's Order, an amended complaint that properly pleads one or more cognizable causes of action over which the Court has jurisdiction; and

4. Caution the Plaintiff that a failure to abide by this directive may result in the dismissal of her case without further notice.

Respectfully submitted this 11th day of September 2024.

**HONORABLE CHRISTOPHER P. TUITE**
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Mary S. Scriven, United States District Judge
Pro se Plaintiff